**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSHUA DAVIDSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | NO. _____ |
| | § | |
| **MY TRANSMISSION EXPERTS, INC.,** | § | **JURY DEMANDED** |
| **MY TRANSMISSION EXPRESS, and** | § | |
| **SOHAIL SYED** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Joshua Davidson ("Plaintiff") files this Original Complaint against Defendants My Transmission Experts, Inc., My Transmission Express, and Sohail Syed ("Defendants") pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), and would respectfully show as follows:

### A.     PARTIES

1.     The Plaintiff is Joshua Davidson.  He is a resident of Houston, Texas.  Plaintiff was employed by Defendants within the meaning of the FLSA.

2.     Defendant My Transmission Experts, Inc. is a domestic for-profit corporation with its principal place of business in the state of Texas, engaged in commerce and subject to the FLSA.  This Defendant was Plaintiff's employer.  Defendant may be served with process by serving its registered agent for service of process, Sohail Syed, 26514 Ridgefield Park Lane, Cypress, Texas 77433.

3.      Defendant My Transmission Express is a domestic for-profit corporation with its principal place of business in the state of Texas, engaged in commerce and subject to the FLSA. This Defendant was Plaintiff's employer. Defendant may be served with process by serving its registered agent for service of process, Sohail Syed, 26514 Ridgefield Park Lane, Cypress, Texas 77433.

4.      Defendant Sohail Syed is an individual who is the owner and president of My Transmission Experts, Inc. and My Transmission Express, and maintained operational control over the Plaintiff. Defendant Syed was at all times material to this suit, the Plaintiff's employer. Sohail Syed can be served with process at 26514 Ridgefield Park Lane, Cypress, Texas 77433.

**B.      JURISDICTION**

5.      This court has subject matter jurisdiction of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). This case presents a federal question.

**C.      VENUE**

6.      Pursuant to 28 U.S.C. §1391(b)(1) & (2), venue for this suit is proper in this district and division because it is the district and division in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to the claim occurred.

**D.      FACTS**

7.      Plaintiff Joshua Davidson was employed by the Defendants beginning late in December, 2017 in the position of manager. He was improperly classified as an independent contractor and was not eligible for overtime at one and one-half times his regular rate of pay when he worked over 40 hours in a week. During Plaintiff's employment by Defendants, he was

engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce.

8. Defendant, My Transmission Experts, Inc. ("Experts"), is in the business of servicing transmissions in Houston, Texas. At all relevant times, Experts has been and continues to be engaged in interstate commerce, and/or is an enterprise engaged in the production of goods for commerce. Experts employs individuals, like Plaintiff, who have been and/or continue to be engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, the annual gross volume of business of Experts exceeded $500,000.

9. Defendant, My Transmission Express ("Express"), is in the business of servicing transmissions in Houston, Texas. At all relevant times, Express has been and continues to be engaged in interstate commerce, and/or is an enterprise engaged in the production of goods for commerce. Express employs individuals, like Plaintiff, who have been and/or continue to be engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, the annual gross volume of business of Express exceeded $500,000.

10. Defendant Syed possessed the power to hire and fire employees and supervised or controlled employee work schedules and/or conditions of employment. He determined the rate or method of payment of employees and maintained employee records.

11. Experts and Express are part of a group of related activities performed through a unified operation or other common control for a common business purpose.

12.    Throughout the time the Plaintiff worked for the Defendants he was misclassified as an independent contractor. Plaintiff, as a matter of economic reality, was economically dependent upon the Defendants to which he rendered his services. The Defendants unilaterally controlled the hours that Plaintiff was required to be in the store. Plaintiff had no opportunity to make a profit or loss while working for the Defendants and he was not putting any of his equipment at risk while working in the store. Plaintiff relied on the defendants for continued work in the business of servicing transmissions. At all times relevant to this claim, Defendants exercised complete control over the Plaintiff.

13.    Plaintiff's typical workday consisted of opening the store, opening the garage bay doors for the transmission mechanics, booting up the computer, setting up the credit card machine, reviewing the previous day's reports and ordering parts. He reported to work at approximately 7:30 am. He was expected to work from 8 am to 6 pm Monday through Friday and 8 am to 1 pm Saturday, but most days he stayed much later. Plaintiff worked on average more than 65 hours per workweek.

14.    Plaintiff was not paid a salary nor was he paid by the hour. He was paid 10% of the shop's profit which did not amount to minimum wage during some pay periods. He received a 1099-MISC form which detailed how much compensation he received. Defendant did not withhold income tax from Plaintiff's pay, did not withhold social security or Medicare tax, and, of course, did not pay the employer's contribution amounts to social security or Medicare.

15.    Plaintiff was closely supervised by the Defendant's general manager, who instructed him on daily tasks and controlled and directed his work.

16.    Plaintiff was required to follow strict policies and procedures of Defendants in performing his regular every day duties.

17.    As a result of Defendant's actions, Plaintiff sustained damages.  The exact amount of Plaintiff's damages is unknown at this time and will be calculated when Defendant discloses Plaintiff's payroll records.

18.    The violations of the FLSA outlined above were committed in bad faith. It was unreasonable for the Defendants to classify Plaintiff as an independent contractor, to deny him minimum wage, to deny him overtime pay, and to fail to withhold income taxes, social security and Medicare taxes from his pay, and pay the employer matching funds.

### E.    CAUSES OF ACTION

### COUNT 1—VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

19.    The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-18, *supra*.

20.    At all relevant times, Defendants have been and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants have employed and/or continue to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants have had annual gross volume of business in excess of $500,000.

21.    The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees for all hours worked at a rate not less than minimum wage, 29 U.S.C. §206(a), and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §207(a)(1).

22.     Plaintiff is entitled to compensation for all hours worked at a rate not less than the federal minimum wage. Plaintiff is also entitled to compensation for all overtime hours worked. In addition, Plaintiff is entitled to all amounts Defendants should have paid in social security and Medicare taxes.

23.     The Defendants violated §206 of the FLSA by employing the Plaintiff in any workweek, where he was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce and in which he was not paid at least the federal minimum wage for each hour worked. The decision made by the Defendants to pay the Plaintiff less than the federal minimum wage was not reasonable or in good faith.

24.     The Defendants violated §207 of the FLSA by employing the Plaintiff in any workweek, where he was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce for a workweek in excess of 40 hours, and by not compensating him for work hours in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which he was employed. *See* 29 U.S.C. §207(a)(1). The Defendants knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the Plaintiff all of his wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendants to withhold overtime pay to the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to his unpaid wages and overtime compensation, liquidated damages in an amount equal to his unpaid wages and overtime compensation, as provided by law and which he seeks from the Defendants by this suit.

25.     Pursuant to the FLSA, the Plaintiff also seeks recovery of his reasonable and necessary costs, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which he is justly entitled.

26.     The overtime work performed by Plaintiff was required by Defendants, for the benefit of Defendants, was directly related to Plaintiff's principal employment with Defendants, and was an integral and indispensable part of his employment with Defendants.

27.     The FLSA requires employers like Defendants to maintain accurate records of all hours worked.  By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records in violation of 29 U.S.C. §201 et seq., including 29 U.S.C. §§211(c) and 215(a).  These violations were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

28.     In addition to the minimum wage and overtime pay, Defendant must reimburse Plaintiff for all deductions taken from his compensation.

## F.     JURY DEMAND

29.     Plaintiff hereby requests a trial by jury.

## PRAYER

For these reasons, Plaintiff Joshua Davidson respectfully requests that Defendants be cited to appear and answer herein and that, following final hearing, he be awarded all of his unpaid minimum wages, unpaid overtime, unpaid social security and Medicare contributions, liquidated damages, and all the elements of damages provided by law, in addition to costs, attorney's fees, post-judgment interest, and for such other relief, at law or in equity, to which he may be justly entitled.


Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

*/s/Robert J. Filteau*
Robert J. Filteau
State Bar No. 06997300

7

Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas  77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
JOSHUA DAVIDSON

OF COUNSEL:

John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
jsullivan@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas  77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

And

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
9894 Bissonnet Street, Suite 865
Houston, Texas  77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)